UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HELI SGAMBATO, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| VS. | : | |
| | : | |
| SHIPMAN AND GOODWIN, LLP | : | |
| | : | |
| Defendant. | : | January 19, 2022 |
| | | |
| | | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Heli Sgambato, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a citizen of the State of Connecticut.

2. Defendant Shipman and Goodwin LLP, was and is a Connecticut limited liability partnership with a principal place of business located at Shipman & Goodwin LLP One Constitution Plaza Hartford, CT 06103.

3. At all times material, Plaintiff was an eligible employee as that term is defined by the FMLA.

4. At all times material, Defendant employed fifty or more employees at Plaintiff's former worksite for twenty or more weeks in 2019 and 2020 in an industry affecting interstate commerce. Accordingly, defendants are employers covered by the FMLA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and

1

this action is brought pursuant to: the Family Medical Leave Act of 1993 (FMLA).

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Defendant employed Plaintiff.

8. Defendants hired Plaintiff on or about May 26, 2014.

9. Plaintiff's job title was legal practice assistant.

10. Plaintiff was qualified for the job.

11. On or about January 31st 2020, defendant terminated plaintiff's employment.

12. On or about January 2019, Plaintiff notified Defendant, by and through a supervisory employee named Maria L. Drag, that her son was diagnosed with cancer and that she would be missing time from work because she was caring for her son.

13. Plaintiff notified Defendant that she was considering taking FMLA leave.

14. Instead, Plaintiff chose to use her vacation time to cover her absences from work related to caring for her son.

15. After Plaintiff mentioned that she might pursue FMLA leave, plaintiff's performance reviews became less favorable to Plaintiff.

16. In July of 2019, Plaintiff received a negative performance review from her supervisors Christine Donnelly, Mary Jo Andrews, and Kate Mylod wrote, a negative review of Plaintiff's performance.

17. On September 26th 2019, Plaintiff was issued a written warning for performance deficiencies.

18. In October of 2019, Plaintiff completed the FMLA certification process.

19. Plaintiff was granted intermittent FMLA leave.

20. Just prior to Thanksgiving, Kate Mylod called Plaintiff into her office and said that she would like to sit down with Plaintiff, Christine Donnelly, and Mary Jo Andrews to review what their expectations were.

21. Kate Mylod told Plaintiff that Plaintiff's supervisors really liked her and did not want to see Plaintiff be terminated.

22. Plaintiff was told that the meeting would focus on how Plaintiff could improve her performance going forward.

23. This meeting was supposed to occur after Thanksgiving in 2019.

24. Cindy Reiman is Defendant's Human Resources manager.

25. Prior to Plaintiff's Thanksgiving leave, Cindy Reiman told Plaintiff told me that they were going to hold off on my review after my written warning until January. Reiman told Plaintiff to not worry about things and that Plaintiff should enjoy the time with her family.

26. Plaintiff was never offered the meeting to discuss improving her performance as promised.

27. Instead, defendant terminated plaintiff's employment on January 31, 2020.

28. Any and all excuses to be offered by Defendant to explain the termination decision would be a pretext to mask unlawful retaliation and discrimination.

29. Plaintiff performed her job at or above a satisfactory level.

## FIRST COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

3

30. Plaintiff invoked her right to FMLA-qualifying leave.

31. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for the attempted exercise of her rights under the FMLA in one or more of the following ways:

(a) by terminating plaintiff's employment;

(b) by using plaintiff's exercise or attempted exercise of righted protected under the FMLA as a negative factor when deciding to terminate her employment.

32. As a direct and proximate result of defendant's retaliation/discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

33. Defendant's actions have been willful.

## SECOND COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

34. Defendant interfered with plaintiff's rights under the FMLA in one or more of the following ways:

a. giving Plaintiff negative performance reviews after Defendant learned of Plaintiffs' need for FMLA leave.

b. by denying terminating Plaintiff after she took FMLA protected leave thus preventing her from taking future leave.

35. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

36. Defendant's actions have been willful.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal, vacation, holiday and sick days; FMLA liquidated damages; reasonable attorneys' fees; costs; interest; job reinstatement; prejudgment interest; post judgment interest; damages for extra taxes; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: January 19, 2022

James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF